UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Civil No. 04-CV-1698-L(JMA) |
| Plaintiff, | ) **ORDER GRANTING IN PART AND** |
| | ) **DENYING IN PART PLAINTIFF'S** |
| v. | ) **MOTION FOR SUMMARY** |
| | ) **JUDGMENT [doc. #15]** |
| 0NE RESIDENTIAL PROPERTY | ) |
| LOCATED 17348 LYONS VALLEY | ) |
| ROAD, JAMUL, CALIFORNIA, AND | ) |
| ALL IMPROVEMENTS AND | ) |
| APPURTENANCES AFFIXED | ) |
| THERETO, | ) |
| Defendant. | ) |

Plaintiff moves for summary judgment on the issue of forfeitability.[1]  Claimants James A. Bruce, aka Brahm Bruce and Linda Sue Bruce oppose the motion.  Having carefully considered the motion, declarations and exhibits, the Court enters the following decision.

## BACKGROUND

On August 2, 2004, DEA Special Agent Jorge Gamez obtained a State of California Search Warrant, based on an affidavit, to conduct a Forward Looking Infrared Reading ("FLIR") on the defendant property.  The Search Warrant #30663 was signed by a San Diego Superior Court judge.  On August 5, 2004, the San Diego Police Department conducted a FLIR at the

---

[1]The government asks that the "Court [] defer ruling [on] the excessive fine issue until a ruling is issued on the summary judgment motion."  (Reply at 3)

defendant property pursuant to the warrant.  Thereafter, a search warrant, #30680, was issued for the search of the defendant property and the search was effectuated.  The search of the property resulted in the seizure of approximately 1899 marijuana plants from an indoor marijuana growing operations.

Claimant Brahm Bruce was charged in an Information filed in the Superior Court of the State of California with violating in Count 1:  California Health and Safety Code section 11359, possession of marijuana for sale and in Count 2: section 11358, cultivating marijuana.  The charges arose out of the August 9, 2004 search of the defendant property.  On September 15, 2005, claimant entered a plea of guilty to possession of marijuana for sale, Health & Safety Code § 11359.  The second count of cultivating marijuana was dismissed with a *Harvey* waiver.[2]

The government brought the above-captioned case seeking forfeiture and filed a motion for summary judgment.  Thereafter, claimants filed two motions to suppress: the first concerned the FLIR search; the second concerned the physical search of the premises.  The Court has denied both motions to suppress.

### SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986).  Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is material when it affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of establishing an absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Where the party moving

---

[2] Under *People v. Harvey*, the court can consider all the facts of the case, including dismissed counts and claimant's criminal history when deciding the appropriate sentence.  *See People v. Harvey*, 25 Cal. 3d 754 (1979).

for summary judgment does not bear the burden of proof at trial, it may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Id.* at 325. The moving party is not required to produce evidence showing the absence of genuine issue of material fact, nor is it required to offer evidence negating the moving party's claim. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542-43 (9th Cir. 1989). Rather, "the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of judgment, as set forth in Rule 56(c), is satisfied." *Lujan*, 497 U.S. at 885 (*quoting Celotex*, 477 U.S. at 323).

Once the moving party meets the requirements of Rule 56, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The non-moving party does not meet this burden by showing "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The United States Supreme Court has held that the mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient. *Anderson*, 477 U.S. at 252. Accordingly, the non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegation or denials of his pleading." *Id.* at 256. Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 325.

When ruling on a summary judgment motion, the court must examine all the evidence in the light most favorable to the non-moving party. *Matsushita*, 475 U.S. at 587. The court cannot engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the jury. *Anderson*, 477 U.S. at 255.

## DISCUSSION

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the government has the burden of first establishing, by a preponderance of the evidence, that the defendant property

04cv1698

is forfeitable.

The statute at issue here, 21USC § 881(a)(7), provides in relevant part:

> The following shall be subject to forfeiture to the United States and no property
> right shall exist in them:
>
>> (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

21 U.S.C. § 881(a)(7).

Defendants contend that the subject property is not subject to forfeiture because the searches conducted by the government were illegal; collateral estoppel is not applicable; and claimant Linda Sue Bruce is an innocent owner of the property.

### 1.    Illegal Searches

Claimants contend that plaintiff is not entitled to summary judgment on the issue of forfeiture because the evidence on which it relies is the fruit of fourth amendment violations. The claimants' motions to suppress have been decided, however, and the Court found and concluded that there was probable cause for the searches and claimants' fourth amendment rights were not violated. *See* Order filed January 25, 2007 [doc. #43]. Claimants have not demonstrated a disputed material issue of fact with respect to forfeiture this basis.

### 2.    Collateral Estoppel

It is "settled law in this circuit that a guilty plea may be used to establish issue preclusion in a subsequent civil suit." *United States v. Section 18*, 976 F.2d 515, 519 (9th Cir. 1992); *see also United States v. $31,697.59 Cash*, 665 F.2d 903, 904 (9th Cir. 1982); *United States v. Bejar-Matrecios*, 618 F.2d 81, 83-84 (9th Cir. 1980); *Ivers v. United States*, 581 F.2d 1362, 1367 (9th Cir. 1978).  The doctrine of collateral estoppel prevents relitigation by the parties of issues actually litigated and necessarily decided in a prior action. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5 (1979); *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d

1352, 1357 (9th Cir. 1985). Collateral estoppel is applied only when the issues in the subsequent action are identical to those of the first action. *Parklane,* 439 U.S. at 326 n. 5, 99 S. Ct. at 649 n. 5; *Levi Strauss*, 778 F.2d at 1357.

The criteria for the application of collateral estoppel are: (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom the collateral estoppel is asserted was a party or in privity with a party to the prior trial. *Ayers v. City of Richmond,* 895 F.2d 1267, 1271 (9th Cir. 1990). Although it is settled law in the Ninth Circuit that a guilty plea may be used to establish issue preclusion in a subsequent civil suit, preclusion has only been allowed where an element of the crime to which the defendant pled guilty or of which he was convicted was at issue in the second suit. *See, e.g., United States v. $31,697.59 Cash*, 665 F.2d 903; *United States v. Bejar-Matrecios*, 618 F.2d 81 (9th Cir.1980).

As noted above, claimant pleaded guilty to possession of marijuana for sale but the second count of the Information, cultivating marijuana, was dismissed. Claimant contends that his guilty plea for possession of marijuana for sale did not dispose of the issue concerning the defendant property's use in claimant's possession of marijuana for sale and thus, collateral estoppel cannot be applied. The Court agrees.

The government contends that the "only reasonable and logical inference that can be drawn is the defendant property was used to facilitate the offense to which claimant Brahm pled guilty." But a "reasonable inference" is insufficient to show that claimant's guilty plea for possession of marijuana for sale established that claimant's residence was used to facilitate the crime of possession of marijuana for sale. Only matters necessarily decided in the prior action are barred from relitigation by collateral estoppel. Claimant's guilty plea did not dispose of the issue concerning the land's character or its use in facilitating the crime of possession of marijuana for sale. The use of claimant's residence in the criminal act of possession for sale of

04cv1698

marijuana was not actually litigated and necessarily decided in the criminal proceeding.  In other words, whether claimant's property was used to facilitate the crime of possession of marijuana for sale was not necessary and essential to the judgment on the merits, *i.e.,* defendant's guilty plea, in the criminal case.   Therefore, collateral estoppel cannot preclude claimant from contesting the forfeiture of the land.  Because there are material issues of fact that were not disposed of by the plea, plaintiff is not entitled to assert collateral estoppel in obtaining summary judgment on the issue of whether the defendant property is subject to forfeiture.

### 3.    Innocent Owner Defense

18 U.S.C. § 983(d) provides an innocent owner defense where an individual has an ownership interest in the property for which forfeiture is sought.

> (d) Innocent Owner Defense
>> (1) An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.  The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.
>> (2)(A) With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who –
>>> (i) did not know of the conduct giving rise to forfeiture; or
>>> (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.
>> (B)(i) For the purposes of this paragraph, ways in which a person may show that such person did all that reasonably could be expected may include demonstrating that such person, to the extent permitted by law –
>>> (I) gave timely notice to an appropriate law enforcement agency of information that led the person to know the conduct giving rise to a forfeiture would occur or has occurred; and
>>> (II) in a timely fashion revoked or made a good faith attempt to revoke permission for those engaging in such conduct to use the property or took reasonable actions in consultation with a law enforcement agency to discourage or prevent the illegal use of the property.
>> (ii) A person is not required by the subparagraph to take steps that the person reasonably believes would be likely to subject any person (other than the person whose conduct gave rise to the forfeiture) to physical danger.

18 U.S.C. § 983(d).

Claimant Linda Sue Bruce contends she is an innocent owner of the defendant property notwithstanding her knowledge of the marijuana growing activities taking place on the property. Linda Sue Bruce contends that she was frightened for her physical safety and as a result, she was

1  not required to notify authorities of the marijuana growing activities of her husband and co-

2  owner of the property.

3        Based on her deposition testimony, Linda Sue Bruce has raised a genuine issue of

4  material fact as to her belief that she was in physical danger so as to fall within the innocent

5  owner defense.  Accordingly, plaintiff's motion for summary judgment with respect to the issue

6  of forfeiture and claimant Linda Sue Bruce is denied.

7                                    **CONCLUSION**

8        Based on the foregoing, **IT IS ORDERED** granting in part and denying in part plaintiff's

9  motion for summary judgment [doc. #15].  The motion is denied with respect to the issue of

10 collateral estoppel as to Brahm Bruce, and the innocent owner defense of Linda Sue Bruce.

11 Plaintiff's motion is granted as to the legality of the searches.

12       **IT IS SO ORDERED.**

13 DATED:  March 22, 2007

14

15                                    _____
                                     M. James Lorenz
                                     United States District Court Judge

16 COPY TO:

17 HON. JAN M. ADLER
   UNITED STATES MAGISTRATE JUDGE

18

19 ALL PARTIES/COUNSEL

20

21

22

23

24

25

26

27

28

                                          7                                   04cv1698